UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BART E. BILLINGSLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-CV-0130-CVE-PJC |
| ) | |
| **JOHN E. POTTER,** ) | |
| **Postmaster General, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Defendants' Motion to Dismiss (Dkt. # 26), filed by defendants United States of America and John Potter ("Potter"), Postmaster General. Plaintiff Bart E. Billingsley ("Billingsley") filed an amended complaint on February 2, 2005 in the District Court of Tulsa County, Oklahoma. Defendants United States of America and Potter removed the case on March 9, 2005. Dkt. # 2. In his Amended Complaint (Dkt. # 2), plaintiff alleges three causes of action: "wrongful termination in breach of the public policy underlying the Family Medical Leave Act [, 29 U.S.C. §§ 2611-2654, ("FMLA")]," "wrongful termination in breach of the public policy prohibiting employers from unlawfully requiring work without pay and unlawfully withholding wages earned," and retaliatory discharge. Dkt. # 2, at 2-3. In sum, plaintiff alleges that the work environment at the Claremore, Oklahoma post office was "extremely hostile." Id. at 1. He claims that he was given "unreasonable orders to deliver mail using his personal vehicle after he was off the clock." Id. Billingsley also claims that he suffered health issues as a result of his work environment and that, despite telling his employer that his physician had instructed him not to return to work, plaintiff was dismissed from employment when he refused to return to work. Id.

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6)[1] because Billingsley's claims, which sound in state tort law, are preempted by the Postal Reorganization Act of 1971 ("PRA"), 5. U.S.C. §§ 1001-1011, 1201-1209, and the Civil Service Reform Act ("CSRA"), 5 U.S.C. §§ 7501-7543. Alternatively, defendants argue that Oklahoma does not recognize the purported torts alleged by Billingsley.

**I.**

A motion to dismiss is properly granted when it appears beyond doubt that the plaintiff could prove no set of facts entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ramirez v. Dept. of Corrections, 222 F.3d 1238, 1240 (10th Cir. 2000). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the Court must determine whether the plaintiff can establish that the court has jurisdiction over the defendant. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether plaintiff has stated a claim upon which relief can be granted. The Tenth Circuit has referred to dismissal under Rule 12(b)(6) as a "harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Moore v. Guthrie, 438 F.3d 1036, 1040 (10th Cir. 2006) (citing Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2001)). A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

---

[1] In ruling on the motion to dismiss, the Court did not rely on any information outside of the pleadings. In his response to defendants' motion to dismiss (Dkt. # 29), plaintiff stated that a copy of his Equal Employment Opportunity ("EEO") complaint was attached. In fact, the EEO complaint was not attached, and as a result, the Court did not consider it. Plaintiff's response did include an affidavit; however, the affidavit lies outside the scope of the amended complaint. Since the Court did not rely on the affidavit or any information other than the amended complaint, there is no need to convert this motion to dismiss to a motion for summary judgment.

2

his claim which would entitle him to relief." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). For purposes of making these determinations, a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. Ramirez, 222 F.3d at 1240; Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, the Court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "The issue is not whether the plaintiff will ultimately prevail, but whether [he] is entitled to offer evidence to support its claims." Cooper Mfg. Corp. v. Home Indem. Co., 131 F. Supp. 2d 1230, 1232 (N.D. Okla. 2001).

## II.

The PRA establishes a comprehensive scheme governing employment relations within the United States Postal Service ("USPS"). The PRA specifically incorporates certain provisions of the CSRA for USPS employees, including Chapter 75 of the CSRA. 38 U.S.C. § 1005(a)(1). Chapter 75 of the CSRA includes several provisions establishing an appeals procedure for reviewing adverse personnel actions taken by federal agencies. See 5 U.S.C. §§ 7511-7514. The CSRA "provides a comprehensive claims procedure for most government employees . . . where there is an allegation of prohibited personnel practice." Steele v. United States, 19 F.3d 531, 532 (10th Cir. 1994). "Prohibited personnel practice" is broadly defined and encompasses "substantive provisions forbidding arbitrary action by supervisors and procedures – administrative and judicial – by which improper action may be redressed." Bush v. Lucas, 462 U.S. 367, 385 (1983).

The Tenth Circuit and other courts have held that state law challenges to federal personnel actions within the scope of the CSRA are preempted by the CSRA. Petrini v. Howard, 918 F.2d

1482, 1484-85 (10th Cir. 1990); Rollins v. Marsh, 937 F.2d 134, 140 (5th Cir. 1991); Saul v. United States, 928 F.2d 829, 840-43 (9th Cir. 1991); Berrios v. Dept. of Army, 884 F.2d 28, 31-33 (1st Cir. 1989); Broughton v. Courtney, 861 F.2d 639, 641-44 (11th Cir. 1988). The CSRA prohibits federal employers from taking adverse employment actions against employees for exercising a complaint or grievance right granted by law. 5 U.S.C. § 2302(b)(9)(A). In addition, the CSRA prohibits federal employers from taking adverse action against employees based on the employees' conduct that does not affect the performance of the employees themselves or others. 5 U.S.C. § 2302(b)(10).

As defendants note, plaintiff's claims are ambiguous and difficult to discern. At least with respect to plaintiff's second and third causes of action, plaintiff's claims sound in state law tort. Under plaintiff's second cause of action, he argues that he was wrongfully terminated in violation of "fundamental public policy . . . embodied in Oklahoma labor laws." Dkt. # 2, at 2. In his third claim, he alleges that defendants retaliated against him in violation of "fundamental public policy in Oklahoma [that] bars employers from retaliating in employment for complaints made about unlawful treatment under labor laws." Id. at 3. These claims of wrongful termination and retaliatory termination easily fall within the CSRA's prohibition under §§ 2302(b)(9)(A) and 2302(b)(10), described above. Plaintiff's complaints arise directly out of his employment relationship with the USPS. Given the comprehensive system in the CSRA for seeking relief from adverse employment practices by federal agencies, permitting plaintiff's state law claims to survive would undermine the purpose of the CSRA and would cause unnecessary confusion. See Petrini, 918 F.2d at 1485. The Court therefore finds that plaintiff's state law wrongful termination and retaliation claims are preempted. As plaintiff's sole remedy is provided by the PRA and CSRA, this Court lacks subject matter jurisdiction over plaintiff's second and third claims. While defendants seek dismissal of these

4

claims under Fed. R. Civ. P. 12(b)(6), the Court dismisses these claims under Fed. R. Civ. P. 12(b)(1).

To the extent that plaintiff brings his claims of wrongful discharge and retaliation under the Federal Torts Claim Act ("FTCA")[2], 28 U.S.C. §§ 2671-2680, the Court nonetheless dismisses the claims for several reasons. Firstly, plaintiff fails to state in his amended complaint that he previously filed a claim with the agency involved, as required under the FTCA. See 28 U.S.C. §§ 2401(b), 2675(a). Secondly, the employment provisions in the PRA and the CSRA preempt the more general FTCA. See American Postal Workers Union v. United States Postal Serv., 940 F.2d 704, 708-09 (D.C. Cir. 1991) (finding preempted a claim of retaliatory discharge brought by a postal employee under the FTCA). Indeed, the Supreme Court has held that when Congress creates a "narrowly tailored employee compensation scheme [that scheme] preempts the more general recovery statutes." Brown v. Gen. Serv. Admin., 425 U.S. 820, 834035 (1976). Here, the PRA and the CSRA are more specific than the FTCA; therefore, the FTCA is preempted, and the Court does not have jurisdiction over any FTCA claim.

### III.

Plaintiff's first claim is also ambiguous. He titles this claim: "Wrongful Termination in Breach of the Public Policy Underlying the Family Medical Leave Act." Dkt. # 2, at 2. While plaintiff repeatedly refers to the "public policy underlying" the FMLA, he never actually alleges that defendants' conduct was in direct violation of the FMLA. Despite this ambiguity, the Court will construe plaintiff's first claim as brought under the FMLA.

---

[2] In fact, plaintiff never mentions the FTCA in either his amended complaint or in response to defendants' motion to dismiss.

The FMLA grants private and federal employees a period of leave from their employment for certain enumerated circumstances. See, e.g., 29 U.S.C. § 2612(a)(1), 5 U.S.C. § 6382(a)(1). Title II of the FMLA, 5 U.S.C. § 2681 et seq., governs leave for federal civil service employees with more than twelve months of service. Title I, 29 U.S.C. § 2601 et seq., governs leave for private employees and federal employees not covered by Title II. Here, the amended complaint indicates that Billingsley is a Title II employee.[3] Title I and II employees are afforded equal rights to leave time under the FMLA; however Title I expressly provides a private right of action to employees, 29 U.S.C. § 2617(a)(2), and Title II contains no such analogous provision. See 5 U.S.C. §§ 6381-6387. Suits against the government are barred by sovereign immunity absent an unequivocally expressed waiver. Army & Air Force Exch. Serv. v. Sheehan, 456 U.S. 728, 734 (1982) (stating that suits against the government may proceed "only if Congress has consented to suit; a waiver of the traditional sovereign immunity cannot be implied but must be unequivocally expressed"); Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989) ("It is well settled that the United States . . . [is] immune from suit, unless sovereign immunity has been waived."); Russell v. United States Dept. of the Army, 191 F.3d 1016, 1018 (9th Cir. 1999) ("The absence of express statutory authorization for such suits under Title II would seem to bar [plaintiff's] FMLA claims because it is axiomatic that suits against the government are barred by sovereign immunity absent an unequivocally expressed

---

[3]   The amended complaint states that plaintiff "has not received all of his paychecks for the year 2003 and 2004." Dkt. # 2, at 1. Since plaintiff was employed during the calender years of 2003 and 2004, the Court presumes that plaintiff was employed for more than twelve months.

If plaintiff was a Title I employee, then the Court dismisses his FMLA claim under Fed. R. Civ. P. 12(b)(6). The amended complaint fails to set forth that he is a Title I employee with a private right of action. If plaintiff is, in fact, a Title I employee, then he can file a motion to amend his complaint accordingly.

waiver."); Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997) ("No unequivocal waiver of immunity exists in Title II, and, consequently, the omission of a provision in Title II similar to that in Title I creating a private right of action is treated as an affirmative congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA."). The absence of express statutory authorization for suits by Title II employees bars plaintiff's FMLA claim. Given that plaintiff does not have a private right of action to enforce the FMLA provisions, the Court dismisses that claim under Fed. R. Civ. P. 12(b)(1). See Wyoming v. United States, 279 F.3d 1214, 1225 (10th Cir. 2002) (noting that the sovereign immunity defense is jurisdictional in nature).

**IV.**

To the extent that plaintiff maintains a Bivens action,[4] which is unclear,[5] the Court dismisses such a claim. Given the broad CSRA scheme, the Supreme Court has refused to create a separate Bivens remedy for federal employees who assert a violation of constitutional rights in connection with a personnel decision. Bush, 462 U.S. at 388-90. The CSRA's comprehensive administrative scheme provides a federal employee's exclusive avenue for redress of constitutional violations in the field of federal employment. See Popkin v. United States Postal Service, 951 F.2d 272 (10th Cir. 1991) ("Because Congress has provided a comprehensive procedure to address postal employees' constitutional claims arising from their employment relationship with the USPS, those arbitration

---

[4]   A Bivens action, as the name indicates, is a claim brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[5]   The amended complaint itself contains no reference to a Bivens action and does not allege any constitutional violations based on his supervisors' conduct. In response to defendants' motion to dismiss, however, plaintiff states that defendants "violated Plaintiff's due process rights, and committed Bivens violations." Dkt. # 29, at 6.

procedures preclude plaintiffs' Bivens claim."); Petrini, 918 F.2d at 1484 ("[S]ince the CSRA accommodates plaintiff's constitutional challenge, creation of a Bivens remedy for her is unwarranted."); Jones v. Tennessee Valley Auth., 948 F.2d 258, 264 (6th Cir. 1991). Thus, as with plaintiff's state law claims, the CSRA preempts any Bivens claim.

## V.

In response to defendants' motion to dismiss, plaintiff refers to claims that do not appear in the amended complaint. He claims that he was bypassed for a promotion "based on racial factors." Nowhere in the amended complaint is there any reference to a race discrimination or a Title VII claim. In addition, he claims that defendants "tortiously injured Plaintiff and intentionally inflicted mental distress." Nowhere in the amended complaint is there a claim for intentional infliction of emotional distress. He also claims that there was a hostile work environment "evidenced by a quid pro quo offer of promotion if he would date his supervisor." Dkt. # 29, at 1. Once again, such an allegation is completely absent from the amended complaint itself. As plaintiff did not allege these claims in the complaint, the Court need not address these after-the-fact allegations.

## VI.

In summary, plaintiff brings a claim for wrongful discharge in violation of Oklahoma labor laws and a claim for retaliatory discharge in violation of Oklahoma laws. These claims are preempted by the PRA and CSRA; thus, these claims should be dismissed under Fed. R. Civ. P. 12(b)(1) since the Court lacks subject matter jurisdiction. The Court also dismisses plaintiff's FLMA claim on the basis of sovereign immunity. Finally, to the extent that plaintiff brings a Bivens claim, the Court dismisses that claim as preempted by the CSRA. Plaintiff has failed to allege a Title VII, intentional infliction of emotional distress, or any other claim in his complaint. Therefore,

the Court grants defendants' motion to dismiss on all of plaintiff's claims, though it does so under Fed. R. Civ. P. 12(b)(1) rather than Fed. R. Civ. P. 12(b)(6).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Dkt. # 26) is **granted**.

**DATED** this 23th day of October, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT